**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY L. DEWEY, | No. 13-36086 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05788-JCC |
| v. | |
| CAROLYN W. COLVIN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Senior District Judge, Presiding

Argued and Submitted May 4, 2016
Seattle, Washington

Before: GRABER and MURGUIA, Circuit Judges, and BURY,** Senior District
Judge.

Claimant Timothy Dewey appeals the district court's decision affirming the

Commissioner of Social Security's denial of Claimant's application for disability

insurance benefits under Title II of the Social Security Act. Claimant alleged

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable David C. Bury, United States Senior District Judge for the
District of Arizona, sitting by designation.

disability due to degenerative disk disease in his lower spine, depression, chronic pain disorder, and a history of alcohol abuse. At Step 5, the administrative law judge (ALJ) determined that Claimant could perform jobs that exist in significant numbers in the national economy. We affirm.

The ALJ did not err in weighing the medical opinions. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The expert treating opinions were consistent. Dr. Lang consistently opined that Claimant could return to work after vocational training and reasonable accommodations. Dr. Lang and Dr. Adarmes agreed that Claimant was capable of returning to full-time light work. Claimant points to no treating physician's opinion that contradicts the opinions of his primary treating physicians.

The ALJ gave appropriate reasons to discount Claimant's asserted limitations. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ and the Appeals Council discredited the parts of Claimant's testimony claiming greater limitations than those the Commissioner eventually assessed in the residual functional capacity finding. The record establishes that the ALJ thoroughly considered and discussed Claimant's testimony, accepted some of it, and explained why he rejected the rest. Claimant performed a full range of daily activities—including attending college

full time—that were inconsistent with his subjective complaints, he improved when he used behavior modification techniques, and the objective medical evidence showed that he was not as limited as he claimed. The ALJ properly discounted Claimant's credibility to the extent that his subjective complaints were inconsistent with his reported activities.

The hypothetical posed to the Vocational Expert (VE) was complete and did not conflict with the Dictionary of Occupational Titles (DOT). A conflict must exist between the VE's testimony and the DOT in order to trigger the ALJ's responsibility to resolve the conflict. Here, the DOT is silent on whether the jobs in question allow for a sit/stand option. *See* DOT 521.687-086 (sorter), DOT 713.687-018 (assembler). There is no conflict. *Cf. Quechan Indian Tribe v. U.S. Dep't of Labor*, 723 F.2d 733, 735 (9th Cir. 1984). The ALJ complied with the requirements of Social Security Ruling 83-12 in this case. Specifically, he properly consulted a VE, who indicated that there were jobs that Claimant could perform even though he required a sit/stand option and use of a cane to ambulate. The ALJ also confirmed that the VE's testimony did not deviate from the DOT. The ALJ did not err by relying upon the VE's testimony.

The Appeals Council properly considered the lay testimony. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). The Appeals

Council stated that Claimant's full-time college attendance and other daily activities were inconsistent with the lay witness' testimony. Inconsistency with Claimant's self-reported activities of daily living was a specific and germane reason for the Appeals Council to discount her testimony. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Finally, the residual functional capacity finding rested on substantial evidence, and the correct legal standards were applied. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

**AFFIRMED.**